

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
WILLKINSON
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable T. M. Trimble
First Assistant
Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Modified by V-872

Opinion No. 0-3823
Re: Does the extension of the bound-
aries of the city of Texarkana
automatically extend the bound-
aries of the Texarkana Independ-
ent School District?

We are in receipt of your letter of July 25, 1941, in
which you request the opinion of this department as to whether
or not the extension of the boundaries of the city of Texarkana
automatically extend the boundaries of the Texarkana Independ-
ent School District.

Article 2804 of the Revised Civil Statutes reads as
follows:

"Art. 2804. Extending city limits to include
district. Whenever the limits of any incorporated
city or town constituting an independent school
district are so extended or enlarged as to embrace
the whole or any part of any independent or common
school district adjacent to such incorporated city
or town, that portion of such adjacent district so
embraced within the corporate limits of such incor-
porated city or town shall thereafter become a part
of the independent school district constituted by
such incorporated city or town.

"If within the portion of such district so em-
braced there should be situated any real property
belonging to such district, such city or town may
acquire the same upon such terms as may be mutually
agreed upon between the governing body of such city
or town and the authorities of such district.

"This article shall not apply where it shall
be determined at an election held within such city
or town by majority vote of those voting thereon
that the territory or any portion thereof to be so

embraced shall not thereby become a part of the in-
dependent school district constituted by such city
or town, but shall be taken into the city limits for
municipal purposes only, and shall remain for school
purposes a portion of the adjacent independent or
common school district as though said city limits
had not been extended. . . ."

It is apparent from the above quoted  article that
is the city of Texarkana is a city constituting an independent
school district, then the extension of its boundaries would
automatically extend the boundaries of the school district.

The city of Texarkana was first chartered by the Leg-
islature in 1907 by Chapter 104, House Bill 743, Acts of the
30th Legislature.  Section 172 of said act granting a charter
to the city of Texarkana provides as follows:

"Public Schools - Independent Districts -The
City of Texarkana is hereby constituted and shall
continue to be a separate and independent school
district."

Under the above quoted enactment of city of Texarkana
constituted an independent school district.  However, in 1920,
the Legislature passed Chapter 31, Senate Bill 9, Third Called
Session, 36th Legislature.  Section 1 of said Article pro-
vides as follows:

"Section 1.  That there is hereby created the
Texarkana Independent School District, which shall
include within its limits all lands and territories
included within the corporate limits of the city
of Texarkana, Texas, the boundaries of said inde-
pendent school district to be identical with the
limits and boundaries of said city and said inde-
pendent school district is hereby incorporated and
made a body corporate in law for free school pur-
poses only, separate and distinct from the corpora-
tion of Texarkana, Texas."

Apparently, by the above quoted Article, the school
system was divorced from the city of Texarkana and there was
created the Texarkana Independent School District.  Said school
district was made a body corporate in law for free school pur-
poses only, and the Legislature said specifically that it was
to be separate and distinct from  the corporation of Texarkana,
Texas.  It is quite apparent, therefore, that after the passage
of the above quoted enactment the city of Texarkana no longer
constituted an independent school district but rather the Tex-

arkana Independent School District was created as a separate distinct corporate entity apart from the municipal corporation constituting the city of Texarkana. Apparently some question arose because of the fact that the Section 1, supra, of Chapter 31 provided that the boundaries of the Texarkana Independent School District should be the same as the boundaries of the city of Texarkana. The distinction to be known in this case was made by the Supreme Court of Texas in the case of Snyder vs. Baird Independent School District, 111 S. W. 723. The Court stated as follows:

"The distinction between a district incorporated for school purposes only and a town or city which constitutes an independent school district must be kept in view, for upon that distinction depends the proper solution of the question certified. A corporation for school purposes only is not an incorporated city or town as specified in the Constitution, but is simply the incorporation of a school district which may embrace the town or city only or it may embrace a town or city and rural territory. It will be observed that, by careful use of language, the Legislature, in creating the Baird Independent School District, preserved the distinction between the incorporated city of Baird and the incorporated Baird Independent School District. The first section of the act which creates the district declares that an incorporation for free school purposes only is thereby created, to be known, not as the City of Baird, but as 'the Baird Independent School District'. Again, in Section 2 the distinction is definitely drawn. It is said that the city of Baird is divested of the control of its public free schools within its limits, and the control of such schools is vested in the Baird Independent School District. The city of Baird is not an independent school district. Neither is the Baird Independent School District a city." (Underscoring ours).

It is the opinion of this department that Article 2804, supra, has no application to the Texarkana Independent School District and that such Article would not operate so as to extend the boundaries of the Texarkana Independent School District upon the extention of the boundaries of the city of Texarkana.

The question is also raised in this case because of the fact that the Act of 1920 creating the Texarkana Independent School District, supra , provides in Section 1 that the Texarkana Independent School district shall include within its

limits all lands and territories included within the corporate limits of the city of Texarkana, Texas, and the boundaries of said independent school district is to be identical with the limits and boundaries of said city.

The question is whether the intention of the Legislature by the use of the foregoing language was to define the boundaries of the district as of the date of its creation, that is, was this a shorthand method for giving a metes and bounds description, or was it contemplated and intended that the boundaries of the district should in the future follow ipso facto any changes that might be made in the boundaries of the other corporation, the city of Texarkana, so that they would always remain identical. The caption of the original Act merely provides "An Act incorporating the Texarkana Independent School District" in relating to Section 1 of the Act, and the caption nowhere declares a Legislative intention that in the future when the boundaries of the city of Texarkana are extended that the same shall automatically extend the boundaries of the Texarkana Independent School District.

An analogy may be drawn to the Act creating the Houston Independent School District being Chapter 19 of the Special Laws of 1923, page 317, which reads in part as follows:

"An Act creating and incorporating the Houston Independent School District, and defining its boundaries; providing that said act shall automatically extend to all territory which may hereafter be included in the new city limits by an extension thereof, and providing how the territory adjacent to said district may become part of said district; . . .

"Sec. 2. That there is hereby created the Houston Independent School District, which shall include within its limits all lands and territory included within the corporate limits of the City of Houston, and in addition thereto, all lands and territory adjacent to the corporate limits of the said City of Houston, and included within the limits and boundaries of Harris County Common School District Number 25, as defined by an order of the commissioners' court of Harris County, Texas, on September 20, 1915, the boundaries of said independent school district to be identical with the limits and boundaries of said city, and those of said independent school district; and said independent school district is hereby incorporated and made a body corporate in law for free school purposes only, and the name of said corpora-

tion and said independent school district shall be
'Houston Independent School District.'

"Sec. 3.  In the event of the extension of the
city limits of the municipality of the City of
Houston after the passage of this Act, the territory
taken into said city by such extension shall auto-
matically become a part of the Houston Independent
School District, and subject to the provisions of
this Act."

Upon careful consideration, it would seem that had the
Legislature intended to do more than define the boundaries of
the Texarkana Independent School District at the date of its
creation, it would have more specifically so provided as in
the case of the Houston Independent School District, and more
adequate notice would have been given in the title that not
only were the original boundaries being fixed and defined but
that provision was also being made for a change in those
boundaries after their original establishment.

It is the opinion of this department that the exten-
sion of the municipal boundaries of the city of Texarkana did
not automatically extend the boundaries of the Texarkana In-
dependent School District and that the boundaries of such
school district are subject to the applicable laws relating
to bodies corporate for school purposes only.

In your letter you also ask what steps are necessary
for those sections which have been annexed to the city of Tex-
arkana to be taken in order for them to become a part of the
Texarkana Independent School District.  The territory which
has been annexed to the city of Texarkana forms a part of the
Spring Lake Park Common School District.

We call your attention to Chapter 49, Senate Bill 297,
Special Laws of the 39th Legislature, First Called Session,
1926.  Said Act reads in part as follows:

"Section 1.  That Chapter 31, of the local
and Special Laws passed by the Thirty-sixth Legis-
lature, at its Third Called Session, is hereby
amended by adding thereto three new sections to
be designated as Sections 1-a, 1-b, and 1-c, and
which shall read respectively, as follows:

"Section 1-a.  Whenever a majority of the
inhabitants, qualified to vote for members of the
Legislature of any territory adjoining the limits
of the Texarkana Independent School District, shall

desire such territory to be added to and become a part of said independent school district, and a majority of such qualified voters sign a petition to that effect, any three of such qualified voters may file with the board of trustees of said independent school district the said petition, making affidavit of the facts set forth in said petition, fully describing by metes and bounds the territory proposed to be annexed, and showing its location with reference to the existing territory of the Texarkana Independent School District; provided, that said territory proposed to be added must be contiguous to one line of said independent school district. And upon filing of said petition, affidavits and descriptions, with the president of the board of trustees, it shall be his duty to submit the same to the board, and, if upon investigation by the board it is found that the proposed addition is necessary and practicable, the said board of trustees, by resolution duly entered upon its minutes, may receive such proposed territory as an addition to, and as becoming a part of the corporate limits of the said Texarkana Independent School District. After the passage and adoption of such resolution, the territory so received shall be a part of the Texarkana Independent School District, and the inhabitants thereof shall thenceforth be entitled to all the rights and privileges as other citizens and inhabitants of the said independent school district. The whole, or any portion of, any contiguous common school district, whether bonded or not, may be annexed to the Texarkana Independent School District in the manner herein prescribed...." (Underscoring ours)

The above quoted statute clearly provides how territory may be annexed to the Texarkana Independent School District. It specifically provides that part of the territory so annexed may be part or whole of a common school district. You are advised that the procedure outlined therein should be followed in annexing the territory which is now part of the city of Texarkana to the Texarkana Independent School District.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Billy Goldberg
Billy Goldberg
Assistant

BG:N:wc

APPROVED AUG 7, 1941
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/REK Chairman